**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERNON SHAW, III,<br><br>  Petitioner - Appellant,<br><br>  v.<br><br>RICHARD J. KIRKLAND,<br><br>  Respondent - Appellee. | No. 09-17386<br><br>D.C. No. 2:06-cv-00466-LKK-CHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted November 18, 2011
San Francisco, California

Before: FARRIS, NOONAN, and BEA, Circuit Judges.

Vernon Shaw appeals the district court's denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  The case is reviewed under the

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

deferential standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996.

Shaw's claim that the identifications of David and Darwin Brown were unconstitutionally suggestive fails because he cannot show prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Even if Darwin Brown had been led by unconstitutional means to identify Shaw, there were three other identifications in the case. That David Brown equivocated was a matter for the jury's consideration, as were Robert Horn's bias and Clayton Brown's inconsistent descriptions of the suspect. *See Manson v. Brathwaite*, 432 U.S. 98, 116 (1977). In light of these three identifications, the California court did not act unreasonably in denying relief. *See* 28 U.S.C. § 2254(d).

Shaw's ineffective assistance of counsel claim fails for largely the same reasons. Shaw cannot show that the suppression of Darwin Brown's identification would have produced a different outcome in his case. *See Kimmelman v. Morrison*, 477 U.S. 365, 373-74 (1986); *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999). The state court's denial of relief was reasonable. *See* 28 U.S.C. § 2254(d).

Shaw's challenge to the jury instruction also fails. Neither federal law nor California law required the jury instruction he requested. At most, the instruction

would have discredited Robert Horn's testimony. Shaw is unable to show that the failure to give the instruction so infected the entire trial that the resulting conviction violated due process. *See Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The state court was not unreasonable in so holding. *See* 28 U.S.C. § 2254(d).

Finally, Shaw's argument that the imposition of consecutive sentences violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny was foreclosed by the Supreme Court in *Oregon v. Ice.* 555 U.S. 160 (2009). In *Ice*, the Court upheld a state's statutory scheme allocating to judges the finding of facts necessary to impose consecutive sentences. *Id.* at 164, 168. Therefore, the California court did not act unreasonably in denying relief. *See* 28 U.S.C. § 2254(d).

We therefore hold that Shaw is not entitled to federal habeas relief. The district court's denial of the petition is **AFFIRMED**.